After considering this case, the opinion of the majority of the judges, was delivered by Mr. Justice Johnson, to the following effect. That the process of attachment had both the operations contended for ; that it was the intention of the act, to secure the property of the absent debtor, fot* the satisfaction of the plaintiff’s demand, and also to make the absent debtor a party in court, so as to bind him by a judgment; but it was evident from the whole tenor of the act, that it was the process of attachment which gave the lien on defendant’s goods and chattels, &c. in the first place, and not the judgment; the words of the act in most of its clauses speak this language and convey this idea in almost? every part of them.
The words in the first clause expressly declare, that the attaching of any part in the name of the whole, shall make the whole liable in law to answer any judgment which may be obtained on that process ; or in other words, liable to satisfy the plaintiff whatever 'sum he could prove to a jury to be justly due him.
The third clause enacts, that the goods attached should fee delivered over to the plaintiff, after being inventoried and appraised, to be sold towards payment of his debt.
The fourth clause authorizes the plaintiff to sue for bonds, notes and accounts, and other dioses in action due to the absent debtor from third persons, and to give receipts and discharges in law for the same; which are to be considered as good and valid to all intents and purposes whatever, and in fact to do all the acts of an absolute assignee.
This attachment really puts the plaintiff on the footing of a judgment creditor, (only it is more extensive in its operation, as to dioses in action, than any execution could put him,) by authorizing the sale of all tangible property for the plaintiff’s debt, in addition to the recovery of all dioses in action ; and all these rights are given previous to any judg *278 ment being entered up, all which clearly prove, that it id attachment which gives the lien, and not the judgment.
With respect to the forfeiture of this right by the plaintiff’s not filing his declaration within two months, it would be contrary to the rules of law and justice, to suffer a man to lose a priority, or previous right,' by any circumstances which he himself could not control; such as a debt being unliquidated, owing to the absence of a material witness, or the like, which might prevent a man from obtaining a judgment as soon as a subsequent creditor; or as in the present case, the misfortune or omission of the sheriff in not doing his duty, in returning the writ in due time, &c. by which circumstances, a plaintiff might be delayed in getting his judgment, without any default of his own. It has already been observed, that the absent debtor was made a party in court as effectually as if he had been served with a capias ad respondendum.; if so, then the suit must be governed by common law rules, where it is not controlled by the act. The plaintiff’s suit, therefore, is not abated by the common law until the expiration of the year and day after the return. Against this construction there is no express authority; the only thing against it, is the implication arising out of the second clause of the act, which says the declaration shall be filed within two months after the return of the attachment; but there is nothing in this clause, or any other clause, which says the suit shall abate, if the plaintiff does not file his declaration within two months ; and it is a well established maxim, that the common law is not to be altered or destroyed by implication. According to this construction, therefore, the plaintiff was within the rules of the common law, in filing his declaration before the expiration of the year and day after the return. There are several acts of our legislature which are analogous to the one under consideration, and in their construction, will throw light upon this subject. The circuit court act of 1789, says, all the pleadings shall be made up at the first court, and be ready for trial at the next court. The circuit *279 court act of 1791, says, the declaration shall be filed on or before the meeting of the second court; yet under neither of these acts was it ever contended, that the suit abated, or that the plaintiff was precluded from filing his declaration after the time required by these acts, at any time before the expiration of the year and day : indeed, if the defendant wished for a speedy end of the suit, he might have forced the plaintiff by a rule to declare, and if he did not then do it within the rule, then the defendant might have non-prossed him. And was there any thing to have prevented the second attaching creditor in this case, from ruling the first attaching creditor to file his declaration ? in which case, he might have nonprossed him unless good cause had been shewn to the contrary ; but he did not take this step, which afforded the plaintiff the advantage of the year and day to file his declaration; and it is too late after verdict and judgment to avail himself of any neglect of that kind.
Admitting, however, that the strict and rigid construction contended for, under the clause of the act, was a true one, the cause assigned by the sheriff in losing the original writ was a good one, and would have brought the plaintiff’s case under the exception mentioned in the second clause, “ unless sufficient cause is shewn to the contrary 4‘ for a longer time.” There is no judge on the bench, who would not, upon such a representation, have given further time to declare, and the order of substitution, which was given for leave to substitute a new writ in lieu of the one lost by the sheriff, may be considered as tantamount to leave given for further time to declare, as it could be for no other purpose that the order was made ; and the two months to declare, might with great propriety have been considered from that time ; and from that period, all the proceedings are conformable to the directions of the act.
It was therefore ordered, that the money in the sheriff’s hands, be paid over to Mr. Stephen, the first attaching creditor,
*280 Waites, J. dissented from this opinion, and differed from the other judges on the point of the lien created by the act; as he conceived it was the judgment which consummated the lien, and not the attachment; consequently; that the first judgment creditor should have the priority.